**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

STEPHAN C. McNEIL,

      Petitioner,

    v.

OHIO ADULT PAROLE AUTHORITY,

    Respondent.

CASE NO. 2:21-CV-00471
JUDGE SARAH D. MORRISON
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4").  Rule 4 applies to habeas corpus petitions filed under 28 U.S.C. § 2254 or § 2241.  *See Smith v. Smith*, No. 2:17-cv-577, 1394024, at *2 (S.D. Ohio Jan. 24, 2018) (quoting *Evans v. U.S. Marshal Serv.*, No. 2:14-cv-1451, 2015 WL 1476654, at *2 (S.D. Ohio March 31, 2015) (citing Rule 1 of the Federal Rules of Civil Procedure; other citations omitted).  Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."  If it does so appear, the petition must be dismissed.  *Id*.  Applying this standard, and for the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice as unexhausted**.**

## I. BACKGROUND

Petitioner asserts that, on January 13, 2021, the Ohio Adult Parole Authority unlawfully revoked his parole after expiration of the term of his parole and expiration of his maximum sentence.  According to the Petitioner, the parole board violated his right to due process and the Confrontation Clause during his revocation hearing where he was muted and inaudible the entire hearing, and unable to speak or testify on his own behalf or confront the witnesses against him.  Petitioner also asserts that the revocation of his parole and imposition of an additional term of incarceration beyond that of the maximum sentence imposed for his underlying conviction and after his maximum term of post release control had expired violates the Eighth Amendment and the Double Jeopardy Clause.  He seeks immediate release.

## II.  EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts.  28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).  The exhaustion requirement set forth in 28 U.S.C. § 2254 likewise applies to federal habeas corpus petitions filed under the provision of 28 U.S.C. § 2241.  *See Smith*, 2018 WL 1394024, at *3 (citing *Tolliver v. Smith*, No. 3:16-cv-P523-DJH, 2016 WL 7192126, at *1 (W.D. Ky. Dec. 9, 2016) (citing *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006));  *Jackson v. Shobert*, No. 1:13-cv-840, 2013 WL 4012781, at *1 (N.D. Ohio Aug. 6, 2013) (citing *Hensley v. Municipal Court*, 411 U.S. 345, 353 (1973); *Baldwin v. Reese*, 541 U.S. 27 (2004)).  Thus, if a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim.  28 U.S.C. § 2254(b), (c).  It is the petitioner's burden to establish that he has properly and fully

exhausted his available state court remedies with respect to his claims. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987). Petitioner has failed to meet this burden.

> When . . . petitioners have challenged parole decisions by way of federal petitions for habeas corpus, pursuant to 28 U.S.C. § 2241, the federal court has consistently required the exhaustion of state court remedies as a prerequisite. *See Irvin v. Dowd*, 359 U.S. 394, 406, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959); *Click v. Ohio*, 319 F.2d 855 (6th Cir. 1963); *Atkins v. Michigan*, 644 F.2d 543 (6th Cir.1981), *cert. denied,* 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981).

*Myers v. Davenport*, No. 06-cv-247, 2006 WL 1705180, at *2 (S.D. Ohio June 16, 2006) (quoting *Davis v. Stine*, No. 05-cv-673-KKC, 2006 WL 1050069 (E.D. Ky. April 20, 2006)).

Here, Petitioner states that he filed a grievance but did not pursue an appeal, because the Ohio Parole Board does not provide for any appeal process. However, Petitioner's claim that he is being held beyond the expiration of his maximum sentence may be pursued in a state habeas corpus petition, pursued to completion through the Ohio court system, including the Ohio Supreme Court, before a federal habeas corpus petition can properly be heard. *See Hairston v. Harris*, No. 2:16-cv-1163, 2017 WL 2983418, at *2 (S.D. Ohio June 26, 2017) (citing *Brewer v. Dahlberg*, 942 F.2d 328 (6th Cir. 1991), *affirmed by* 2017 WL 2983035 (S.D. Ohio July 12, 2017). Because this remedy remains available to the Petitioner and Petitioner does not indicate that he has otherwise exhausted his remedies with the Ohio parole board, this action is subject to dismissal without prejudice as unexhausted.

### III. RECOMMENDED DISPOSITION

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

   s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE